# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

CARL EDWARD HUELSMAN,  :

    Relator,                                        Case No. 3:12-cv-268

                                                                 District Judge Walter Herbert Rice
    -vs-                                              Magistrate Judge Michael R. Merz

                                            :

JUDGE ROBERT J. LINDEMAN,

    Respondent.

## REPORT AND RECOMMENDATIONS

Plaintiff brought this action *pro se* under 42 U.S.C. § 1983 for deprivation of his constitutional rights. Relator asks that this Court

> to employ a task force to investigate all misconduct of Respondent and that a Nunc pro tunc order to be placed on all cases concerning Relator and that Respondent be removed from all cases involving Relator and that the Governor of the State of Ohio appoint a new Prosecuting Attorney and Judge to all matters concerning Relator, and that the Court of Appeals of Ohio Second Appellate Division Miami County investigate Respondent and William R. Grosz and all constituent entities concerning Carl E. Huelsman and Creative Construction Services LLC and Creative Construction Investments LLC, as it pertains to the Judicial Dissolution of the Company's.

(Complaint, Doc. No. 1, PageID 10.)

On August 24, 2012, Respondent Judge Lindeman filed a Motion to Dismiss "pursuant to Fed Civil Rule 12(B)(2) on the grounds that this court lacks personal and subject matter jurisdiction to hear cases of this nature as original actions," pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, and because Relator is a vexatious litigant. (Doc. No. 7, PageID 42.)  The

Magistrate Judge notified Relator of his obligation to respond not later than September 17, 2012 (Doc. No. 8) and Relator has not responded.

Respondent has not made a sufficient claim that this Court lacks personal jurisdiction. Judge Lindeman does not aver that he is not a resident of the State of Ohio or that the acts complained of did not occur in Ohio and in fact in this judicial district.  The case should not be dismissed for lack of personal jurisdiction.

Although Judge Lindeman does not raise the point, he would be entitled to dismissal for lack of service of process, since the Complaint was apparently sent to him by the Relator directly by certified mail.  Certified mail service can be effected from federal court only if the service is made by the Clerk.  Conversely Fed. R. Civ. P. 4(c)(2) prohibits a party from serving process.

Respondent's claim of lack of subject matter jurisdiction is also not well taken.  28 U.S.C. § 1343, cited by Relator, specifically creates subject matter jurisdiction over claims made under 42 U.S.C. § 1983.

The fact that the Ohio courts have declared Relator to be a vexatious litigant under Ohio Revised Code § 2323.52 is also not a basis for dismissal.  The federal courts have the power to bar litigants who abuse the court system.  *In re Sassower,* 510 U.S. 4 (1993).  However, a determination by the state courts that a litigant is vexatious does not bar that litigant from federal court.  Indeed Ohio Revised Code § 2323.52 does not purport to operate on filings in federal courts and any attempt to do so would raise serious Supremacy Clause questions.

However, Respondent correctly argues that the Complaint fails to state a claim upon which relief can be granted.  Assuming that the Complaint seeks to sue Judge Lindeman in his official capacity, Relator has stated no violation of his constitutional rights.  He does not even suggest which of his constitutional rights have allegedly been violated by any act of Judge Lindeman.  If

his claim is that some judgment of the Miami County Common Pleas Court entered by Judge Lindeman violates his constitutional rights, action in this Court is barred by the *Rooker-Feldman* doctrine. When a claim asserted in a federal proceeding is inextricably intertwined with a judgment entered in a state court, the district courts are without authority to consider the matter; it must be brought into the federal system by petition for writ of certiorari to the United States Supreme Court. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *Dist. Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462 (1983); *Peterson Novelties, Inc. v. City of Berkley,* 305 F.3d 386, 390 (6th Cir. 2002); *In re Sun Valley Foods Co.*, 801 F.2d 186 (6th Cir. 1986); *Johns v. Supreme Court of Ohio,* 753 F.2d 524 (6th Cir. 1985). Only in the rarest of circumstances does the involvement of a particular judge in a proceeding in state court violate the federal Constitution. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009). Relator has not begun to assert facts which would bring this case within the *Caperton* holding.

Because the Complaint fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983, it should be dismissed without prejudice.

September 18, 2012.

s/ *Michael R. Merz*<br>United States Magistrate Judge